UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

JOHN FRANCIS LECHNER,

                Plaintiff,                Case No. 2:17-cv-20

v.                                   Honorable Paul L. Maloney

COUNTY OF MARQUETTE et al.,

                Defendants.

_____/

## OPINION

      This is a civil rights action originally brought by a former county jail pretrial detainee

in the Marquette County Jail, for violations of the First, Fifth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, which the Court construes as an action under 42

U.S.C. § 1983.[1]  The action was removed to this Court by Defendant United States Marshals Service.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is

required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read

Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept

Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v.*

---

[1]Section 1983 of Title 42, United States Code, provides a cause of action to persons claiming the violation of a right secured by the federal Constitution or laws by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff John Francis Lechner was a former federal pretrial detainee held at the Marquette County Jail (MCJ).  He sues Marquette County, the Marquette County Sheriff's Department (MCSD), the Marquette County Board of Commissioners (MCBC), and the following individuals:  MCBC Chair Gerald O. Corkin; MCBC Vice-Chair Debbie Pellow; MCBC Members Steve Pence, Paul Arsenault, Bruce Heikkila, and Greg Seppanen; MCSD Sheriff Michael H. Lovelace; MCSD Undersheriff Jack Schneider; MCSD Deputies "John Does A-Z" (Unknown Parties); Marquette County Administrator Scott Erbisch; and the United States Marshals Service.

Plaintiff complains that while he was detained at MCJ between September 21, 2011, and July 18, 2012, the non-supervisory individual MCSD Defendants conspired to deprive him of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments by refusing to deliver his personal and legal mail on various occasions.  By refusing to deliver Plaintiff's legal mail, Defendants allegedly prevented him from assisting his attorney at his criminal trial.  In addition, Plaintiff contends that Marquette County, the MCSD, the Sheriff, the Undersheriff, the MCBC and the individual MCBC members are liable for failing to supervise, failing to train, negligently hiring, and failing to discipline the other Defendants.  He also alleges that Defendants' actions violated the state law torts of gross negligence and intentional infliction of emotional distress.

For relief, Plaintiff seeks a declaratory judgment, together with compensatory and punitive damages.

- 2 -

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For

- 3 -

civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.[2]  *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.[3]

Plaintiff's complaint is untimely.  He asserts claims arising between September 21, 2011 and July 17, 2012.  Plaintiff had reason to know of the "harms" done to him at the time they occurred.  Hence, his claims accrued not later than July 17, 2012.  However, he did not file his complaint until January 9, 2017, well past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* MICH. COMP. LAWS § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

---

[2]The same three-year statute of limitations applies to Plaintiff's state tort claims.  *See* MICH. COMP. LAWS § 600.5805(10) ("Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person, or for injury to a person or property.")

[3]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

In addition to state actors and agencies, Plaintiff sues the United States Marshals Service, a federal agency, apparently because the Marshals Service had official custody over him during his pretrial detention on a federal claim.  Section 1983 does not provide a cause of action against a federal agency.  Instead, a federal agency is only subject to suit for tort claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346.  The FTCA bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues."  28 U.S.C. § 2401(b).  A claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and cause of his injury.  *United States v. Kubrick*, 444 U.S. 111, 115 (1979).

Plaintiff fails even to allege that he presented his claim to the Marshals Service, much less that he did so within two years.  As with the § 1983 claims, Plaintiff was aware of his injuries and their causes not later than July 17, 2012.  His claim against the United States Marshalls Service therefore is time-barred as well.[4]

---

[4]Plaintiff's claim against the Marshals Service also fails to state a claim because he fails even to mention Defendant United States Marshals Service in the body of his complaint.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Plaintiff's allegations against the United States Marshals Service fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

"If the allegations [of a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).  As a consequence, Plaintiffs' complaint will be dismissed for failure to state a claim.[5]

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated:  February 17, 2017                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

---

[5]Also pending is the motion of the United States Marshals Service seeking an extension of time to file an answer to the complaint (ECF No. 3).  In light of the Court's dismissal of the complaint, the motion will be denied as moot.